IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02078-WYD-MEH

PURZEL VIDEO GmbH,

      Plaintiff,

v.

DOES 1-17,

      Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on November 4, 2013.**

      Before the Court is Defendant John Doe 11's Motion to Quash Subpoena, Issue a Protective Order and/or Sever and/or Dismiss [filed November 1, 2013; docket #16].

      First, with respect to Doe 8's request to quash, the challenged subpoena appears to be issued from the U.S. District Court for the Middle District of Louisiana. *See* docket #16-1. To the extent the present motion seeks to quash or modify a subpoena issued through any district other than the District of Colorado, this Court must **deny** such request **without prejudice**. Pursuant to Rule 45(c)(3)(A), only "*the issuing court*" may quash or modify a subpoena (emphasis added).[1] *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). "Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them." *In re Sealed Case*, 141 F.3d at 341 (citations omitted). Accordingly, the court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts, unless there is a transfer or remittance of the matter from the issuing court. *See In re Digital Equipment Corp.*, 949 F.2d at 231.

      With respect to the remainder of the motion, due to its varied requests for relief, adjudication of the single motion will likely require different standards of review and legal analyses of both dispositive and non-dispositive issues. In the interests of judicial efficiency and the proper management of its docket, the Court **denies** the motion **without prejudice** and instructs the Defendant to file his remaining requests for relief each in separate motions, as applicable. *See* D.C. Colo. LCivR 7.1C ("A motion shall be made in a separate paper.")

---

[1] The Court acknowledges that Rule 45 will change effective December 1, 2013.